# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

DONNTERRIUS MAYS, :
:
      Petitioner, :
:
v. :   CASE NO. 4:09-cr-31-CDL-MSH
:   28 U.S.C. § 2255
UNITED STATES OF AMERICA, :
:
_____

## REPORT AND RECOMMENDATION

On July 27, 2010, Petitioner pled guilty to possession with intent to distribute crack cocaine. He was sentenced by this Court on January 6, 2011, to 120 months in prison. (ECF No. 73.) On August 13, 2012, Petitioner filed a motion to reduce his sentence pursuant to the Fair Sentencing Act of 2010.[1] (ECF No. 101.) Petitioner's motion was dismissed and he was directed to file a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence seeking relief pursuant *Dorsey v. United States*, 132 S. Ct. 2321 (2012). Petitioner thereafter filed this motion to vacate on October 29, 2012. (ECF No. 103.)

**I.**    **Motion to Vacate**

Petitioner's only alleged claim is that because he was sentenced after August 3, 2010, the new Fair Sentencing Act ("FSA") "sentencing scheme" should be applied to his

---

[1] Petitioner filed his first motion to reduce his sentence pursuant to the Fair Sentencing Act of 2010 on November 28, 2011, which was denied by this Court on January 25, 2012. (ECF Nos. 90, 96.) Petitioner's second motion to reduce his sentence under the Fair Sentencing Act of 2010 was filed on August 13, 2012. (ECF No. 100.)

case pursuant to *Hill v. United States* and *Dorsey v. United States* (ECF No. 103.) The FSA, effective August 3, 2010, "increased the drug amounts triggering mandatory minimums for crack trafficking offense from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum[.]" *Dorsey v. United States,* --- U.S. ---, 132 S. Ct. 2321, 2329 (2012). On June 21, 2012, the Supreme Court held, in *Dorsey*, that the Act's "new, more lenient mandatory minimum provisions do apply to those pre-Act offenders . . . who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." *Id.* at 2326. Petitioner's offense occurred prior to August 3, 2010, and he was sentenced after August 3, 2010; therefore, *Dorsey* may apply to his case.

As noted above, Petitioner pled guilty to possession with intent to distribute more than 50 grams of cocaine base. The Guideline range used at Petitioner's sentencing was based on Petitioner's offense level of 29 with a criminal history category II and resulted in a range of 97 to 121 months, which became 120 to 121 months based on the mandatory minimum penalty. Pursuant to the FSA, the new sentencing guideline penalty for 135 grams of crack cocaine was reduced to a mandatory minimum of 5 to 40 years imprisonment. Therefore, while this Court is not required to reduce the Petitioner's sentence, it could reduce it to as low as 97 months and still stay within the guideline range.

The United States was ordered to file a response to the motion to vacate, and did so on March 4, 2013. (ECF Nos. 109, 114) In their Answer, the Government waived all objections to the Petitioner's motion for re-sentencing, including the waiver of the right

2

to collaterally attack his sentence. (ECF No. 114.) It is therefore recommended that Petitioner be considered for resentencing.

## II. Certificate of Appealability

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 1st day of April, 2013.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE